## S. M. SMITH *v*. THE STATE.

1. CHARGE OF THE COURT. — A charge is sufficient which distinctly sets forth the law applicable to all the material issues made by the evidence, and so presents it that the ordinary juror can comprehend its meaning and intelligibly deduce his conclusions.

2. SAME. — See a charge held sufficient on the cogency requisite in circumstantial evidence to warrant a conviction for theft.

3. THEFT OF CATTLE. — Because the evidence in a trial for theft of cattle would sustain an indictment for illegal marking and branding, it does not follow that a conviction for theft must be set aside. The illegal marking and branding may themselves constitute a strong link in the chain of evidence sustaining the conviction for theft.

APPEAL from the District Court of Palo Pinto. Tried below before the Hon. T. L. NUGENT.

The appellant was found guilty of theft of a yearling, and his punishment was assessed at two years in the penitentiary.

On the subject of circumstantial evidence the court below instructed the jury as follows : —

" The testimony in this case being circumstantial, you are charged that, to authorize the conviction of defendant, the facts and circumstances in proof must be not only consistent with his guilt, but they must be inconsistent with his innocence. If, therefore, these facts and circumstances can be accounted for upon any reasonable theory or hypothesis consistent with the innocence of the defendant, he should be acquitted ; since, to authorize conviction, circumstantial evidence must be so strong and conclusive as to exclude every reasonable hypothesis of innocence."

*McCall & McCall*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. The third subdivision of the charge of the court sufficiently explained to the jury the general principles of law with regard to the force and effect of

circumstantial evidence, and if defendant desired a further elaboration of the subject he should have presented his instructions embodying such additional views or phases of the law as he thought necessary in the premises. A court is not required in its charge to copy from the books all and everything which has been written or declared upon any particular branch of the law involved in the issues of the case. A charge is sufficient if it distinctly sets forth the law applicable to all the material issues made by the evidence, and in such a manner as to enable the mind of the ordinary juror to comprehend its meaning and intelligibly arrive at his conclusions upon the facts with reference to it.

The charge in this case comes fully up to the measure of this standard, and is not obnoxious to any of the objections urged by defendant's counsel in their brief filed with the record.

But it is objected in the motion in arrest of judgment that if the evidence as adduced warranted the conviction of defendant of any offence under the law, it was of the offence of illegally marking and branding, and not theft. For that matter, in our opinion the evidence would have sustained an indictment for either crime, and in the case as presented the illegal marking and branding furnished alone strong *indicia*, if not conclusive evidence, of theft. In connection with the other testimony, these facts fully warranted the jury in returning the verdict and the court in entering the judgment rendered in this case; and the judgment is affirmed.

*Affirmed.*